DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| THEODORE COHEN,                                  )<br>                                                             )<br>         Plaintiff,                                 )<br>                                                             )<br>    v.                                                     )<br>                                                             )<br>GABRIEL ENTERPRISES, INC., SHURN  )<br>LIONEL, CURTIS LIONEL, BRENDA LIONEL, )<br>AND THE UNITED STATES OF AMERICA,  )<br>                                                             )<br>         Defendants.                              )<br>_____) | Civil Action No. 2011-0059 |

**Attorneys:**
**Eric S. Chancellor, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff Theodore Cohen*

**Angela Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant United States of America*

## MEMORANDUM OPINION

**Lewis, District Judge**

THIS MATTER comes before the Court on Plaintiff Theodore Cohen's "Motion for Default Judgment against Gabriel Enterprises, Inc., and the Lionel Defendants, and for Summary Judgment against the United States of America," filed on October 7, 2011. (Dkt. No. 14). Following a hearing on this motion, and for the reasons discussed below, the Court will grant the Motion for Default Judgment against Defendants Gabriel Enterprises, Inc., Shurn Lionel, Curtis, Lionel, and Brenda Lionel (collectively, "the Lionel Defendants"), and grant the Motion for Summary Judgment against the United States.

# I. BACKGROUND

On May 19, 2011, Plaintiff Theodore Cohen filed a Complaint against the Lionel Defendants and the United States of America in the Superior Court of the Virgin Islands, alleging that Gabriel Enterprises, Inc. breached a September 5, 2008 Promissory Note and Mortgage regarding certain property ("the Property") described as:

> Plot No. 1-C of Parcel 3 of Estate Orange Grove, Company Quarter, St. Croix, United States Virgin Islands, consisting of 0.4534 U.S. acres, more or less, as more fully shown on OLG Drawing No. 1612 dated July 15, 1964, revised January 19, 1996.

(Compl. ¶ 7, Dkt. No. 1-2). The Complaint alleges that Shurn Lionel, Curtis Lionel, and Brenda Lionel "unconditionally guaranteed payment of the said promissory note" in the face value of $320,000.00. *Id.* ¶¶ 5, 6. The Complaint further alleges that the Lionel Defendants have defaulted on their obligations under the Promissory Note and Mortgage by failing to make payments as required, and that they have refused to pay the amounts owing, despite demand having been made. *Id.* at ¶ 8. Plaintiff seeks foreclosure of the Property and damages from the Lionel Defendants. *Id.* The Complaint provides that the principal amount due and owing is $320,000.00, plus interest accruing at the rate of 12% per annum from April 5, 2011, and late payment penalties, costs, and attorney's fees. *Id.* at ¶ 10. Plaintiff also named the United States of America as an entity claiming an interest in the property. *Id.* at ¶ 11. On June 10, 2011, the United States removed this case from the Superior Court to this Court. (Notice of Removal, Dkt. No. 1).

Defendant Shurn Lionel was served individually and as President of Gabriel Enterprises, Inc. with a copy of the Summons and Complaint on May 24, 2011. (Dkt. Nos. 4-4, 5-4). Defendants Brenda Lionel and Curtis Lionel were personally served at the Property on May 24,

2011 and May 25, 2011, respectively. (Dkt. Nos. 2-4, 3-4). The Lionel Defendants have neither answered the Complaint nor appeared in this action.

The United States was served with the Summons and Complaint on May 24, 2011, and filed an answer on August 5, 2011. (Dkt. Nos. 1, 10).

On July 26, 2011, Plaintiff filed a Motion for Entry of Default against Brenda Lionel, Curtis Lionel, and Shurn Lionel. (Dkt. Nos. 2, 3, 4). On July 27, 2011, Plaintiff filed a Motion for Entry of Default against Gabriel Enterprises. (Dkt. No. 5). Each Motion contains the following language, set forth in an affirmance by Plaintiff's counsel: "To the best of my knowledge the Defendant is not an infant, incompetent, or a member of the armed forces." (Dkt. Nos. 2-1, 3-1, 4-1, 5-1). The Clerk of the Court entered defaults against the Lionel Defendants on August 1, 2011. (Dkt. Nos. 6-9).

On October 7, 2011, Plaintiff filed the instant Motion for Default Judgment and Summary Judgment (the "Motion"). (Dkt. No. 14). In this Motion, Plaintiff seeks a default judgment for debt and foreclosure against the Lionel Defendants for the entire amount due under the Note and Mortgage ($320,000.00), plus expenses, interest, and attorney's fees. He also seeks summary judgment against the United States on the grounds that Plaintiff's mortgage lien takes priority over the lien of the United States. (Dkt. No. 15).

In support of the Motion, Plaintiff filed an Affidavit of Proof which provides that "[t]he entire amount of the note came due on September 5, 2010" and that the principal amount due and owing as of September 5, 2011 is $320,000.00. (Dkt. No. 15-5). He further asserts that accrued interest at the rate of 12% per annum is due, totaling $19,200.00; and that unpaid late payment penalties total $640.00. (Dkt. No. 15-5). He avers that interest continues to accrue at the rate of $105.21 per day; that attorney's fees and costs already incurred total $4,885.00; and that his

3

attorney anticipates an additional $1,350.00 in fees and costs will be expended as a result of the foreclosure sale process. *Id.* Plaintiff included an affidavit from his counsel detailing how the amount of attorney's fees was calculated. (Dkt. No. 16-1).

Plaintiff also attached a Stipulation with the United States that his lien on the Property is "prior in time and takes priority over the lien of The United States[.]" (Dkt. No. 15-6). On July 31, 2012, the United States filed a "Notice of No Opposition to Plaintiff's Motion for Summary Judgment." (Dkt. No. 28).

In response to a Court Order (Dkt. No. 21), Plaintiff filed an Affidavit, pursuant to 50 App. U.S.C. § 521 (the Servicemembers Civil Relief Act) on January 19, 2012, in which he stated that: he was personally familiar with the individual Lionel Defendants, who all worked at the Lionel Service Station in Christiansted, St. Croix; he had visited and observed Defendants at their place of employment on numerous occasions; he had discussed business and employment affairs with them; and none of them were members of the armed forces or engaged in military service. (Dkt. No. 22-1).

At a hearing held on January 20, 2012, the Court ordered Plaintiff to provide an updated calculation of attorney's fees, as well as an explanation for how the $640.00 in late fees was calculated. (Dkt. No. 24). On January 23, 2012, Plaintiff's attorney provided the updated calculation of the attorney's fees expended to date ($6,302.50). (Dkt. No. 25). On January 25, 2012, Plaintiff filed an affidavit in which he stated that the late fees resulted from two checks that had been returned for insufficient funds. (Dkt. No. 26).[1]

---

[1] In the January 25, 2012 affidavit, Plaintiff also clarified that the Affidavit of Proof contained a typographical error: it erroneously indicated that Defendants owed interest from March 5, 2009 to September 5, 2011, when the dates should be March 5, 2011 to September 5, 2011. *Id.* According to Plaintiff, the $19,200.00 figure, representing the amount of interest claimed, did not change as a result of the corrected date.

## II.   APPLICABLE LEGAL PRINCIPLES

In an application for an entry of default judgment, the Court accepts as true any facts contained in the pleadings regarding liability. Fed. R. Civ. P. 8(b)(6). Legal conclusions, however, are not deemed admitted, nor are the extent and amount of damages claimed by a party. *See DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005); Fed. R. Civ. P. 8(b)(6). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951).

An application for entry of default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the Soldiers' and Sailors' Civil Relief Act.

*Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

## III.   ANALYSIS

### A.  Default Judgment Against the Lionel Defendants

Plaintiff has satisfied all of the requirements necessary to obtain a default judgment against the Lionel Defendants. In this regard, he has properly shown that: (1) default was entered

against the Lionel Defendants by the Clerk of the Court (Dkt. Nos. 6-9); (2) the Lionel Defendants have not appeared; (3) the Lionel Defendants are neither infants nor incompetent persons (Dkt. Nos. 2-1, 3-1, 4-1, 5-1); and (4) the Lionel Defendants were validly served with process (Dkt. Nos. 2-4, 3-4, 4-4, 5-4). In addition, Plaintiff provided an affidavit pursuant to the Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 22-1). Plaintiff has also shown how he calculated the amount of the judgment. Finally, the Court has considered the *Chamberlain* factors and has determined that the prejudice to Plaintiff resulting from the Lionel Defendants' breach of their contractual obligations, together with the apparent absence of a litigable defense and any culpable conduct responsible for the Lionel Defendants' delay, renders a default judgment appropriate.

Accordingly, the Court will grant the Motion for Default Judgment.

### B. Summary Judgment Against the United States

Plaintiff moves for summary judgment on the issue of the priority of his lien on the Property over that of the United States. As noted above, Plaintiff and the United States have stipulated that Plaintiff's lien is "prior in time and takes priority over" that of the United States. (Dkt. No. 15-6). This provides a sufficient factual basis upon which to award Plaintiff summary judgment as to his claim of the priority of his lien on the Property over the lien claimed by the United States. *See Nicini v. Morra*, 212 F.3d 798, 805-806 (3d Cir. 2000) (en banc) ("Summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions, and affidavits show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."). Accordingly, the Court will grant summary judgment in favor of Plaintiff on his claim against the United States.

## IV.    **CONCLUSION**

Plaintiff has satisfied the requirements necessary for entry of a default judgment against the Lionel Defendants. Accordingly, Plaintiff's Motion for Default Judgment will be granted. Plaintiff has also demonstrated that he is entitled to summary judgment against the United States regarding the priority of his lien on the Property. Accordingly, the Motion for Summary Judgment as to the United States will also be granted.

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: December 4, 2012                             _____/s/_____
                                                                          WILMA A. LEWIS
                                                                          District Judge